# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANDRA KHAN,

    Plaintiff,

v.                                              No. CIV 1:20-cv-1307 RB/JHR

UNITED SUPERMARKETS, LLC
d/b/a ALBERTSONS MARKET,
ALBERTSON'S[1] LLC, and
JOHN DOE STORE MANAGER,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiff Sandra Khan's Opposed Motion for Remand, filed on January 15, 2021. (Doc. 8.) When Ms. Khan filed her Complaint in New Mexico state court against Defendants United Supermarkets LLC and Albertsons LLC, both out-of-state defendants, the civil action became removable pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. The prevailing issue before the Court is procedural: whether United's Notice of Removal conformed to the rigors of 28 U.S.C. § 1446(a). Having considered the submissions of counsel and relevant law, the Court finds that United's Notice of Removal was deficient, and therefore, it will **GRANT** Ms. Khan's Motion to Remand.

---

[1] The parties' headings identify one of the Defendants as "Albertson's LLC." (*See* Docs. 8; 10.) Albertsons's website, however, shows the spelling as "Albertsons," without an apostrophe. *See* Albertsons Companies, https://www.albertsonscompanies.com (last visited May 29, 2021). Going forward, the Court will refer to the Defendant as "Albertsons."

I.   **Statement of Facts**

While shopping at an Albertsons Market in Albuquerque, New Mexico, Ms. Khan slipped on some grapes that were on the floor, fell, and sustained injuries. (Doc. 1 at 9.) She brought this suit in New Mexico state court against United and Albertsons, alleging that their negligence contributed to the accident. (*Id.*)

II.  **Legal Standards**

A defendant may remove a civil action from state to federal court if the action "satisfies the requirements for original federal jurisdiction . . . ." *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1250 (D.N.M. 2017) (citing 28 U.S.C. § 1441(a); *Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1076 (10th Cir. 1999)). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the usual prerequisites of diversity jurisdiction are satisfied." *McDaniel v. Loya*, 304 F.R.D. 617, 624 (D.N.M. 2015). "Under 28 U.S.C. § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00." *Id.* (citing 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000)). "Diversity between the parties must be complete." *Id.* (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). A case may not "be removed if it began with a nondiverse party . . . and only later came to satisfy the requirements of removal jurisdiction, unless: (i) the plaintiff voluntarily dismissed the removal-spoiling party . . . or (ii) the removal-spoiling party was fraudulently joined or procedurally misjoined . . . ." *Id.* at 625 (internal citations omitted).

A defendant must file the notice of removal "within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the

case is one which is removable." *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (citing 28 U.S.C. § 1446(b)). When the plaintiff names and serves multiple defendants, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). A plaintiff may move to remand the case to state court on the basis of a defect in the removal process, including a failure of all defendants to consent to removal. *Padilla*, 282 F. Supp. 3d at 1251, 1254–55. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady*, 504 F. Supp. 2d at 1172–73 (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). The rule that all defendants must consent to removal "is commonly known as the 'unanimity rule.'" *Zambrano*, 256 F. Supp. 3d at 1181 (citing *Brady*, 504 F. Supp. 2d at 1173). "A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal." *Id.* at 1182 (citing *Sheldon v. Khanal*, 502 F. App'x. 765 (10th Cir. 2012)).

"Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Id.* (citation omitted). "All doubts are to be resolved against removal." *Id.* (quoting *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears the burden of establishing subject-matter jurisdiction. *Id.*

## III. Discussion

### A. The notice is defective on its face.[2]

Ms. Khan argues that "United Supermarkets' Notice of Removal is procedurally defective because United Supermarkets failed to obtain the consent of Defendant Albertson[s] LLC for removal *at the time of removal*." (Doc. 8 at 7.) United disagrees, arguing that Albertsons properly and timely consented to removal because they consented "as soon as [their] counsel was advised [Albertsons] had been served." (Doc. 10 at 3.) United's Notice of Removal stated that "[n]o other defendant has been served with the Complaint" (Doc. 1 at 2), because their counsel "was not aware Albertsons was served until counsel for Plaintiff provided the Returns of Service in its proposed Motion to Remand." (*See* Doc. 10 at 13.)

Though United claims that their unawareness was "an inadvertent oversight" based on a "good faith understanding at the time" (*id*. at 4), the Court is unsympathetic. United needed to at least "exercise reasonable diligence to determine whether consent of [Albertsons was] needed," but it did no such thing. *Brady*, 504 F. Supp. 2d at 1173 (citing *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996)). Ms. Khan's complaint put United on notice that Albertsons was a co-defendant in the case (*see* Doc. 1 at 8), and once aware of the existence of a co-defendant, United should have taken steps to determine whether Albertsons had also been served before filing its notice of removal. *Id.* Regrettably, United never did this, and therefore, it failed to exercise reasonable diligence. *Id.* Therefore, United "is not excused from the consent requirement merely because it [did] not know whether a co-defendant [had] been served . . . ." *See Brady*, 504 F. Supp. 2d at 1173.

---

[2] Because of the defect in the Notice of Removal, there is no need for the Court to deal with the issues of whether removal or consent were timely.

4

United also argues that "the Notice of Removal was sufficient to indicate the consent of Albertsons to removal" because the two defendants "are represented by the same counsel." (Doc. 10 at 5.) United cites two decisions in support of this contention: *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253 (D.N.M. 2008) and *Roybal v. City of Albuquerque*, No. CIV08-181 JB/LFG, 2008 WL 5991063 (D.N.M. Sept. 24, 2008). In *Vasquez* and *Roybal*, however, the removing defendants affirmed in their removal notices that the codefendants had consented. *See Vasquez*, 536 F. Supp. 2d at 1257 and *Roybal*, 2008 WL 5991063, at *7. United did not make such a declaration in its own notice. (*See* Doc. 1.) In *Vasquez*, the court noted that because the same counsel represented both defendants, the non-moving defendant was considered properly joined. *Vasquez*, 536 F. Supp. 2d at 1257 n. 2. The court predicated this exception on the removing defendant's explicit statement in the removal notice that all defendants consented to the removal of the action. *Id*. at 1257. Similarly, in *Roybal*, the court stated that an attorney representing multiple parties in an action may "file a notice of removal and state the consent of all defendants that the attorney represents . . . ." *Roybal*, 2008 WL 5991063, at *7. But again, this exception was based on the notice of removal affirming that consent had been given by all parties. United's Notice of Removal says no such thing.

Under these circumstances, "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." *Vasquez*, 536 F. Supp. 2d at 1258 (citations omitted). Because United did not represent in its Notice of Removal that Albertsons consented to remove, and because Albertsons did not file a notice of consent within 30 days, the removal was defective, and the case must be remanded. *See Cornwall*, 654 F.2d at 686; *Maddox v. Delta Airlines, Inc.*, 2010 WL 3909228, at *5 (N.D. Okla. Sept. 29, 2010) ("While shared counsel may justify allowances such as crediting a statement of unanimous consent by all

defendants, the mere fact that parties share counsel does not create an exception to the unanimity rule.").

### B. Ms. Khan's request for attorney fees is denied.

Ms. Khan argues that she "should be awarded her attorney's fees . . . incurred in the remand of this action to state court." (Doc. 8 at 9.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court does not find that United lacked an objectively reasonable basis for seeking removal. Ms. Khan never challenged United's removal of this case under 28 U.S.C. § 1441 or 28 U.S.C. § 1332, but only attacked the procedural defects of United's filing. (Doc. 10 at 6.) Accordingly, this Court will deny the request for fees. *See Martin*, 546 U.S. at 141.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**. Plaintiff's action is **REMANDED** to the State of New Mexico, County of Bernalillo, Second Judicial District Court.

**IT IS FURTHER ORDERED** that United's Motion for Leave to Supplement the Record is **DENIED AS MOOT**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE